No. 3473

Second Circuit

**FERGUSON v. SMART**

(January 31, 1929. Opinion and Decree.)

A. Leonard Allen, of Winnfield, attorney for plaintiff, appellee.

A. A. Moss and Eugene Beck, of Winnfield, attorneys for defendant, appellant.

ODOM, J. Plaintiff brought this suit against the defendant, alleging that he was the holder and owner of six promissory notes, each for the sum of $50.00, made and executed by the defendant, and that the said notes were all past due and unpaid. The defendant filed a plea of prescription which was referred to the merits. The case was tried on its merits and a judgment rendered in favor of plaintiff and against the defendant for $200.00. Defendant appealed.

OPINION

On October 26, 1922, plaintiff sold to defendant six horses and mules and some wagons and harness for a consideration of $500.00. Nothing was paid in cash, but defendant gave ten promissory notes, each for $50.00. He paid one of the notes, amounting to $50.00, and, in addition thereto, $29.50, to be applied on the other notes. Subsequently, two of the horses were killed by a railroad train and the railroad company paid $125.00 for the damage, which amount was turned over to plaintiff to be credited on the notes. In the meantime, two of the horses died, and later on, the other two horses, together with the wagons and harness, were repossessed by plaintiff. It is plaintiff's contention that these two horses and the wagons and harness were sold back to him by defendant for a consideration of $75.00, which amount was credited on the notes, making a total credit, including the first note which was paid, of $279.50—leaving a balance due, to say nothing of the interest, of $220.50.

The only serious contention made by the defendant is that plaintiff repossessed the two horses, the wagons and harness, with-

out his consent and that, as a matter of fact, there was no agreement between him and the plaintiff as to the credit which was to be allowed for them, and he says that he should not be required to pay the balance due on the notes unless the plaintiff returns the horses, etc., back to him.

The testimony adduced on the trial convinces us, as it seems to have convinced the trial Judge, that the defendant, Smart, agreed to sell the two horses, the wagons and harness, back to the plaintiff for a consideration of $75.00. The plaintiff's testimony is positive to that effect, and it is corroborated by the testimony of a man named Bice, who testified that he was present when the trade was made and that he heard the plaintiff tell defendant that he would give him $75.00 for the horses, wagons, etc. He stated, however, that he did not hear the defendant's reply to plaintiff's proposition. The testimony of plaintiff is further corroborated by the fact that immediately after this conversation, the defendant carried to plaintiff's place the horses and wagons and delivered them to him. The testimony shows that the two horses were worth very little at the time. We think the trial Judge correctly held that the defendant agreed to re-transfer this property to the plaintiff for the consideration of $75.00.

On the question of prescription, we note that two of the notes sued on were prescribed on their face, but that the suit was brought and citation served on defendant prior to the date on which the other four notes prescribed. There seems to have been some doubt in the mind of the trial Judge as to whether the plea of prescription was good as to the other two notes, and he gave the benefit of the doubt to the defendant and rendered judgment for only the amount of the last four notes. We think that was correct.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, with costs in both courts.